**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT FORNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  18 C 3474 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Magistrate Judge Mary M. Rowland |
| Defendants. | ) | |

**DEFENDANT DEBRA KIRBY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Debra Kirby, by her attorney, Terrence M. Burns of Reiter Burns LLP, for her answer to plaintiff's complaint, states:

1.      This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343 and 1367.

**ANSWER**:    This Defendant admits plaintiff's complaint purports to assert claims pursuant to federal statutes and Illinois law that seek to invoke the jurisdiction of this Court. This Defendant denies liability to plaintiff for any and all claims asserted in the complaint.

**I.      Parties**

2.      Plaintiff Robert Forney is a resident of the Northern District of Illinois.

**ANSWER**:    This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2.

3.      Defendant City of Chicago is an Illinois municipal corporation.

**ANSWER**:    This Defendant admits on information and belief the City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois.

4.      Defendants Ronald Watts, Alvin Jones, Lamonica Lewis, Kallatt Mohammed, and Elsworth J. Smith Jr. (the "individual officer defendants") were at all relevant times acting under color of their offices as Chicago police officers. Plaintiff sues the individual officer defendants in their individual capacities.

**ANSWER**: This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as phrased in the first sentence of paragraph 4. This Defendant admits the complaint purports to sue Defendants Watts, Jones, Lewis, Mohammed, and Smith (collectively, the "Defendant Officers") in their individual capacities.

5. Defendant Philip Cline was at all relevant times Superintendent of the Chicago Police Department. Plaintiff sues Cline in his individual capacity.

**ANSWER**: This Defendant admits Defendant Cline served as Superintendent of Police of the Chicago Police Department ("CPD"). This Defendant admits the complaint purports to sue Defendant Cline in his individual capacity. This Defendant denies any remaining allegations contained in paragraph 5 inconsistent with the foregoing.

6. Defendant Debra Kirby was at all relevant times the Assistant Deputy Superintendent of the Chicago Police Department, acting as head of the Chicago Police Department Internal Affairs Division. Plaintiff sues Kirby in her individual capacity.

**ANSWER**: This Defendant admits she served as Assistant Deputy Superintendent of the CPD in charge of its Internal Affairs Division from approximately July 2004 through March 2008. This Defendant admits the complaint purports to sue her in her individual capacity. This Defendant denies any remaining allegations contained in paragraph 6 inconsistent with the foregoing.

## II. Overview

7. Plaintiff Robert Forney is one of many victims of the criminal enterprise run by convicted felon and former Chicago Police Sergeant Ronald Watts and his tactical team at the Ida B. Wells Homes in the 2000's.

**ANSWER**: This Defendant admits Ronald Watts is a convicted felon and former sergeant in the CPD. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7.

8. The Watts Gang of officers engaged in robbery and extortion, used excessive force, planted evidence, fabricated evidence, and manufactured false charges.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang of officers," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant admits on information and belief Defendants Watts and Mohammed were arrested, prosecuted, and convicted for various crimes. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 8.

9. Several other victims of the Watts Gang are currently prosecuting federal lawsuits. *Baker v. City of Chicago,* No. 16-cv-8940; *White v. City of Chicago,* No. 17-cv-2877; *Powell v. City of Chicago,* No. 17-cv-5156; *Carter v. City of Chicago,* No. 17-cv-7241; *Shenault Jr. v. City of Chicago, Case Number Pending, Shenault Sr. v. City of Chicago, Case Number Pending.*

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant admits the existence of the federal lawsuits listed in paragraph 9. This Defendant makes no answer to the legal conclusions contained in this paragraph. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 9.

10. High ranking officials within the Chicago Police Department were aware of the Watts Gang's criminal enterprise, but failed to take any action to stop it.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant admits the CPD participated with federal and other law enforcement agencies in the investigation of criminal allegations made against

3

Defendant Watts.  This Defendant denies the remaining allegations contained in paragraph 10.

11.     The Chicago Police Department's official policies or customs of failing to discipline, supervise, and control its officers, as well as its a "code of silence," were a proximate cause of the Watts Gang's criminal enterprise.

**ANSWER**:     This Defendant lacks knowledge or information sufficient to form a belief

as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term

"Watts Gang," and she therefore makes no answer or response to the allegations in this

paragraph incorporating that term.  This Defendant denies the "official policies and customs" of

the CPD alleged in this paragraph.  This Defendant further denies any "official policies or

customs" of the CPD were a proximate cause of Defendant Watts' criminal activities.

12.     The facts of this case provide a striking example of these official policies and customs and of the Watts Gang's criminal enterprise: like others falsely arrested and falsely charged by the Watts Gang, Forney made a formal complaint to the Chicago Police Department. Also like other victims, Forney's complaint was not adequately investigating and did not lead to any discipline of the offending officers.

**ANSWER**:     This Defendant lacks knowledge or information sufficient to form a belief

as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term

"Watts Gang," and she therefore makes no answer or response to the allegations in this

paragraph incorporating that term.  This Defendant denies any "official policies or customs" of

the CPD were a proximate cause of Defendant Watts' criminal activities.  This Defendant is

without knowledge or information sufficient to form a belief as to the truth or falsity of any

remaining allegations contained in paragraph 12.

13.     Watts Gang officers arrested Forney without probable cause, fabricated evidence against him, and framed him for drug possession, a charge for which he served nearly two years.

**ANSWER**:     This Defendant lacks knowledge or information sufficient to form a belief

as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term

"Watts Gang," and she therefore makes no answer or response to the allegations in this

paragraph incorporating that term. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 13.

14. Based on the powerful evidence that has become known about the Watts Gang's nearly decade-long criminal enterprise, on February 16, 2018, the Circuit Court of Cook County granted the State's motion for a new trial and dismissed the charges against Forney.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14.

15. On March 15, 2018, the Circuit Court of Cook County granted Forney a certificate of innocence.

**ANSWER**: This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in paragraph 15.

16. Forney brings this lawsuit to secure a remedy for his illegal incarceration, which was caused by: the Watts Gang officers, the failure of high-ranking officials within the Chicago Police Department to stop the Watts Gang, the code of silence within the Chicago Police Department, and the Chicago Police Department's defective discipline policy.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant admits plaintiff's complaint seeks damages, but she denies liability to plaintiff for any of the claims and/or damages asserted in the complaint. This Defendant denies the remaining allegations contained in paragraph 16.

### III. False Arrest and Illegal Prosecution of Plaintiff

17. On January 22, 2007, plaintiff was arrested by the individual officer defendants in a common area of a building at the Ida B. Wells Homes.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17.

18. At the time of plaintiff's arrest:

a. None of the individual officer defendants had a warrant authorizing the arrest of plaintiff;

b. None of the individual officer defendants believed that a warrant had been issued authorizing the arrest of plaintiff;

c. None of the individual officer defendants had observed plaintiff commit any offense; and

d. None of the individual officer defendants had received information from any source that plaintiff had committed an offense.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18.

19. After arresting plaintiff, the individual officer defendants conspired, confederated, and agreed to fabricate a false story in an attempt to justify the unlawful arrest, to cover-up their wrongdoing, and to cause plaintiff to be wrongfully detained and prosecuted.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19.

20. The false story fabricated by the individual officer defendants included their false claim that they had arrested plaintiff after seeing him sell drugs to two people.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20.

21. The acts of the individual officer defendants in furtherance of their scheme to frame plaintiff included the following:

a. One or more of the individual officer defendants prepared police reports containing the false story, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiffs rights;

6

b. One or more of the individual officer defendants attested through the official police reports that they witnessed the false story, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights;

c. Defendant Watts formally approved one or more of the official police reports, knowing that they contained the false story; and

d. One or more of the individual officer defendants communicated the false story to prosecutors, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21.

22. The wrongful acts of the individual officer defendants were performed with knowledge that the acts would cause plaintiff to be wrongfully held in custody and falsely prosecuted for an offense that had never occurred.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22.

23. Shortly after his arrest, plaintiff mailed a letter to the Chicago Police Department, making a formal complaint about the wrongful acts of the individual officer defendants.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23.

24. The Chicago Police Department did not interview any of the individual officer defendants in connection with its investigation of plaintiff's formal complaint.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24.

25. The Chicago Police Department found plaintiffs complaint to be "unfounded," in part because plaintiff did not respond to a certified letter that was mailed to his home address in Chicago.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25.

26. The Chicago Police employee who sent the letter knew or should have know that

plaintiff would not receive the letter at his home address because plaintiff was in custody.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26.

27. Plaintiff was charged with 10 drug offenses because of the wrongful acts of the individual officer defendants.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27.

28. Plaintiff knew that proving that the individual officer defendants had concocted the charges against him would not be possible.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28.

29. Accordingly, even though he was innocent, plaintiff, pleaded guilty to one charge of drug possession on September 5, 2007, and received a five year prison sentence.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29.

30. Plaintiff was deprived of liberty during his incarceration because of the above-described wrongful acts of the individual officer defendants.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30.

31. Plaintiff was continuously in custody from his arrest on January 22, 2007 until he was released on parole from the Illinois Department of Corrections on January 16, 2009.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31.

## IV.    Plaintiff's Exoneration

32. Plaintiff challenged his conviction after he learned that federal prosecutors and lawyers for other wrongfully convicted individuals had discovered the Watts Gang's criminal enterprise.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief

8

as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of remaining allegations contained in paragraph 32 concerning plaintiff's alleged reasons for challenging his conviction.

33. On February 16, 2018, the Circuit Court of Cook County granted the State's motion to set aside plaintiffs conviction; immediately thereafter, the Court granted the State's request to *nolle prosequi* the case.

**ANSWER**: This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in paragraph 33.

34. On March 15, 2018, the Circuit Court of Cook County granted plaintiff a certificate of innocence.

**ANSWER**: This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in paragraph 34.

**V.      Plaintiff's Arrest and Prosecution Were Part of a Long-Running Pattern Known to High Ranking Officials within the Chicago Police Department**

35. Before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, the Chicago Police Department had received numerous civilian complaints that defendant Watts and the Watts Gang were engaging in robbery, extortion, the use of excessive force, planting evidence, fabricating evidence, and manufacturing false charges against persons at the Ida B. Wells Homes.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. In further response, this Defendant admits that as of 2007, the CPD had received complaints alleging Defendant Watts was engaging in criminal misconduct against persons at the Ida B. Wells housing complex. This Defendant denies any remaining

9

allegations in paragraph 35 inconsistent with the foregoing.

36.     Criminal investigators corroborated these civilian complaints with information they obtained from multiple cooperating witnesses.

**ANSWER**:     This Defendant admits on information and belief that prior to 2007, the CPD and investigators from other law enforcement agencies had received information from cooperating individuals claiming Defendant Watts was engaging in criminal misconduct against persons at the Ida B. Wells housing complex.     This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in paragraph 36.

37.     Before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, defendants Cline and Kirby knew about the above-described credible allegations of serious wrongdoing by Watts and the Watts Gang and knew that criminal investigators had corroborated these allegations.

**ANSWER**:     This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term.  This Defendant admits that as of 2007, the CPD had received information alleging Defendant Watts was engaging in criminal misconduct against individuals at the Ida B. Wells housing complex, and CPD's Internal Affairs Department worked with federal authorities in a joint criminal investigation of those allegations.  This Defendant denies any remaining allegations contained in paragraph 37 inconsistent with the foregoing.

38.     Defendants Cline and Kirby also knew, before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, that, absent intervention by the Chicago Police Department, Watts and his gang would continue to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges.

**ANSWER**:     This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term

"Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant admits that as of 2007, the CPD had received information alleging Defendant Watts was engaging in criminal misconduct against individuals at the Ida B. Wells housing complex, and CPD's Internal Affairs Department worked with federal authorities in a joint criminal investigation of those allegations. This Defendant denies the remaining allegations contained in paragraph 38.

39. The Internal Affairs Division of the Chicago Police knew about the lawlessness of Watts and his gang by 2004.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts and his gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant admits on information and belief that in 2004, the CPD received information alleging Defendant Watts was engaging in criminal misconduct against individuals at the Ida B. Wells housing complex, and CPD's Internal Affairs Department subsequently worked with federal authorities in an investigation of those allegations. This Defendant denies any remaining allegations contained in paragraph 39 inconsistent with the foregoing.

40. Defendants Cline and Kirby had the power and the opportunity to prevent Watts and his gang from continuing to engage in the above-described wrongdoing.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts and his gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant denies the remaining allegations of paragraph 40 as phrased.

41. Defendants Cline and Kirby deliberately chose to turn a blind eye to the pattern of

wrongdoing by Watts and his gang.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts and his gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant denies the remaining allegations contained in paragraph 41.

42. As a direct and proximate result of the deliberate indifference of defendants Cline and Kirby, Watts and his gang continued to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges against persons at the Ida B. Wells Homes, including but not limited to the wrongful arrest, detention, and prosecution of plaintiff, as described above.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts and his gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant denies the remaining allegations contained in paragraph 42.

### VI. Official Policies and Customs of the Chicago Police Department Were the Moving Force behind the Defendants' Misconduct

43. At all relevant times, the Chicago Police Department maintained official policies and customs that facilitated and condoned the Defendants' misconduct.

**ANSWER**: This Defendant denies the allegations as phrased in paragraph 43.

### A. Failure to Discipline

44. At all relevant times, the Chicago Police Department maintained a policy or custom of failing to discipline, supervise, and control its officers. By maintaining this policy or custom, the City caused its officers to believe that they could engage in misconduct with impunity because their actions would never be thoroughly scrutinized.

**ANSWER**: This Defendant denies the allegations as phrased in paragraph 44.

45. Before plaintiff's arrest, policymakers for the City of Chicago knew that the Chicago Police Department's policies or customs for disciplining, supervising, and controlling its

12

officers were inadequate and caused police misconduct.

**ANSWER**: This Defendant denies the allegations contained in paragraph 45.

46.     Despite their knowledge of the City's failed policies and customs for disciplining, supervising, and controlling its officers, the policymakers failed to take action to remedy these problems.

**ANSWER**: This Defendant denies the allegations contained in paragraph 46.

47.     Before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, the individual officer defendants had been the subject of numerous formal complaints of official misconduct.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 47.

48.     As a direct and proximate result of the Chicago Police Department's inadequate policies or customs for disciplining, supervising, and controlling its officers and the policymakers' failure to address these problems, Watts and his gang continued to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges against persons at the Ida B. Wells Homes, including but not limited to the wrongful arrest, detention, and prosecution of plaintiff; as described above.

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant denies the remaining allegations contained in paragraph 48.

**B.     Code of Silence**

49.     At all relevant times, the Chicago Police Department maintained a "code of silence" that required police officers to remain silent about police misconduct. An officer who

13

violated the code of silence would be severely penalized by the Department.

ANSWER: This Defendant denies the allegations contained in paragraph 49.

50. At all relevant times, police officers were trained at the Chicago Police Academy not to break the code of silence. Officers were instructed that "Blue is Blue. You stick together. If something occurs on the street that you don't think is proper, you go with the flow. And after that situation, if you have an issue with that officer or what happened, you can confront them. If you don't feel comfortable working with them anymore, you can go to the watch commander and request a new partner. But you never break the code of silence."

ANSWER: This Defendant denies the allegations contained in paragraph 50.

51. This "code of silence" facilitated, encouraged, and enabled the individual officer defendants to engage in egregious misconduct for many years, knowing that their fellow officers would cover for them and help conceal their widespread wrongdoing.

ANSWER: This Defendant denies the allegations contained in paragraph 51.

52. Consistent with this "code of silence," the few people within the Chicago Police Department who stood up to Watts and his gang or who attempted to report their misconduct were either ignored or punished, and the Watts Gang was thereby able to engage in misconduct with impunity.

ANSWER: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant denies the remaining allegations contained in paragraph 52.

53. Watts and his gang are not the first Chicago police officers whom the City of Chicago allowed to abuse citizens with impunity while the City turned a blind eye.

ANSWER: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts Gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant denies on information and belief the remaining allegations contained in paragraph 53.

14

54. One example of this widespread practice is Chicago police officer Jerome Finnigan, who was convicted and sentenced on federal criminal charges in 2011. One of the charges against Finnigan involved his attempt to hire a hitman to kill a police officer whom Finnigan believed would be a witness against him.

**ANSWER**: This Defendant admits on information and belief former police officer Jerome Finnigan was convicted and sentenced on criminal charges, and that one of the charges against Finnigan was based on his alleged attempt to hire someone to kill a police officer whom Finnigan understood might be a potential witness against him in criminal proceedings. This Defendant denies on information and belief the CPD "turned a blind eye" to Finnigan's misconduct or had a "widespread practice" of turning a blind eye to police officer misconduct. This Defendant denies the remaining allegations contained in paragraph 54.

55. Finnigan was part of a group of officers in the Defendant City's Special Operations Section who carried out robberies, home invasions, unlawful searches and seizures, and other crimes.

**ANSWER**: This Defendant admits Jerome Finnigan and other members of the CPD's Special Operations Section were convicted of various criminal charges. This Defendant denies any remaining allegations contained in paragraph 55 inconsistent with the foregoing.

56. Finnigan and his crew engaged in their misconduct at around the same time that plaintiff was subjected to the abuses described above.

**ANSWER**: This Defendant admits Jerome Finnigan and other members of the CPD's Special Operations Section were convicted of various criminal charges. This Defendant lacks knowledge or information sufficient to form a belief as to identities of the individuals plaintiff alleges to be part of Finnigan's "crew." This Defendant denies knowledge or information as to whether "plaintiff was subjected to" the misconduct alleged in the complaint. This Defendant denies any remaining allegations contained in paragraph 56 inconsistent with the foregoing.

57. Finnigan, like the defendants in this case, had been the subject of many formal complaints of misconduct.

15

**ANSWER**: This Defendant is without knowledge or information sufficient to form a belief as to the meaning of the vague and argumentative term "many." In further response, this Defendant admits on information and belief Finnigan had been the subject of complaints of misconduct over the course of his career. This Defendant denies any remaining allegations contained in paragraph 57 inconsistent with the foregoing.

58. Finnigan revealed at his criminal sentencing hearing in 2011, "You know, my bosses knew what I was doing out there, and it went on and on. And this wasn't the exception to the rule. This was the rule."

**ANSWER**: This Defendant denies knowledge or information of the truth of any statements made by Finnigan at his criminal sentencing, and she therefore denies the allegations contained in paragraph 58.

59. Defendants Watts and Mohammed were criminally charged in federal court in February 2012 after shaking down a federal informant they believed was a drug dealer.

**ANSWER**: This Defendant admits on information and belief the allegations contained in paragraph 59.

60. Defendant Mohammed pleaded guilty in 2012.

**ANSWER**: This Defendant admits on information and belief the allegations contained in paragraph 60.

61. Defendant Watts pleaded guilty in 2013.

**ANSWER**: This Defendant admits on information and belief the allegations contained in paragraph 61.

62. In the case of *Obrycka v. City of Chicago et al.*, No. 07-cv-2372 (N.D. Ill.), a federal jury found that as of February 2007, "the City [of Chicago] had a widespread custom and/or practice of failing to investigate and/or discipline its officers and/or code of silence."

**ANSWER**: This paragraph consists of a legal conclusion to which no answer is required. To the extent a response is deemed necessary, this Defendant states she is without

16

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62.

63.     In December 2015, Chicago Mayor Rahm Emanuel acknowledged the continued existence of the code of silence within the Chicago Police Department; Emanuel, speaking in his capacity as Mayor, admitted that the code of silence leads to a culture where extreme acts of abuse are tolerated.

**ANSWER**:     This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63.

64.     In April 2016, the City's Police Accountability Task Force found that the code of silence "is institutionalized and reinforced by CPD rules and policies that are also baked into the labor agreements between the various police unions and the City."

**ANSWER**:     This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64.

65.     In an official government report issued in January 2017, the United States Department of Justice found that "a code of silence exists, and officers and community members know it."

**ANSWER**:     This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65.

66.     The same code of silence in place during the time period at issue in the *Obrycka* case and recognized by the Mayor, the Task Force, and the Department of Justice was also in place when plaintiff suffered the wrongful arrest, detention, and prosecution described above.

**ANSWER**:     This paragraph consists of a legal conclusion to which no answer is required.  To the extent a response is deemed necessary, this Defendant denies knowledge or information of what plaintiff means by the "same code of silence" as alleged in this paragraph; this Defendant further denies knowledge or information of the "wrongful arrest, detention, and prosecution" alleged in the complaint, and she denies the allegations of paragraph 66 as phrased.

67.     As a direct and proximate result of the City's code of silence, Watts and his gang continued to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges against persons at the Ida B. Wells Homes, including but not limited to the wrongful arrest, detention, and prosecution of plaintiff, as described above.

17

**ANSWER**: This Defendant lacks knowledge or information sufficient to form a belief as to the individuals plaintiff alleges to be part of the argumentative, vague, and undefined term "Watts and his gang," and she therefore makes no answer or response to the allegations in this paragraph incorporating that term. This Defendant denies the remaining allegations contained in paragraph 67.

### VII. Claims

68. As a result of the foregoing, all of the defendants caused plaintiff to be deprived of rights secured by the Fourth and Fourteenth Amendments.

**ANSWER**: This Defendant makes no answer or response to the allegations of paragraph 68 to the extent directed against other defendants. As directed against her, she denies the allegations contained in paragraph 68.

69. As a supplemental state law claim against defendant City of Chicago only: as a result of the foregoing, plaintiff was subjected to a malicious prosecution under Illinois law.

**ANSWER**: This Defendant makes no answer to the allegations contained in paragraph 69, which are not directed against her.

70. Plaintiff hereby demands trial by jury.

**ANSWER**: This Defendant admits plaintiff's complaint includes a jury demand.

### AFFIRMATIVE DEFENSES

Defendant, Debra Kirby, through counsel, without prejudice to her denials and all other statements in her answer and elsewhere, for her affirmative defenses to plaintiff's complaint, states:

1. At all times relevant to the allegations in the complaint, Defendant Kirby was a public official exercising discretion in the course of her duties, and she therefore is entitled to qualified immunity.

2. Defendant Kirby is entitled to qualified immunity for her conduct because it was

not clearly established that her actions violated plaintiff's constitutional rights.

3. Plaintiff's claims in the complaint are barred by the applicable statutes of limitations.

4. Plaintiff's claims in the complaint are barred by the doctrines of *res judicata* and collateral estoppel.

5. An award of punitive damages would deprive Defendant Kirby of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where liability for punitive damages has not been proven beyond a reasonable doubt or at least by clear and convincing evidence, or where the award of punitive damages is disproportionate to actual damages.

6. Defendant Kirby is not liable for any of plaintiff's claims because a public employee acting within the scope of her employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-202.

7. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principal that a plaintiff has a duty to mitigate those damages.

8. To the extent any injuries or damages claimed by plaintiff was proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff as reflected in the public record, including but not limited to, police reports and court records, any verdict or judgment obtained by plaintiff must be reduced by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

9. Plaintiff's complaint fails to state a claim for relief against Defendant Kirby under the Fourth or Fourteenth Amendment that is plausible on its face.

a. Neither plaintiff's fabrication claim nor his malicious prosecution claim is actionable as a federal due process claim;

b. Even if otherwise actionable, plaintiff's guilty plea defeats his fabrication claim;

c. Plaintiff's Fourth Amendment claim for detention without probable cause is time-barred; and,

d. Plaintiff's derivative failure to intervene and conspiracy claims are not actionable.

In addition to the forgoing, Defendant Kirby had no personal involvement in the alleged unconstitutional conduct underlying plaintiff's claims.

## JURY DEMAND

Defendant Debra Kirby respectfully requests a trial by jury.

Dated: July 17, 2018                                  Respectfully submitted,


                                             By: s/ Paul A. Michalik
                                                 One of the Attorneys for Defendant,
                                                 DEBRA KIRBY

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Elizabeth A. Ekl
Katherine C. Morrison
Reiter Burns LLP
311 South Wacker Drive, Suite 5200
Chicago, IL 60606
(312) 982-0090 (telephone)
(312) 429-0644 (facsimile)

20

## CERTIFICATE OF SERVICE

I hereby certify that on **July 17, 2018**, I electronically filed **Defendant Debra Kirby's**

**Answer to Plaintiff's Complaint** with the Clerk of the Court using the ECF system, which sent

electronic notification of the filing on the same day to:

| ***Attorneys for Plaintiff*** | ***Attorneys for Defendants Alvin Jones, Lamonica Lewis, Elsworth J. Smith, Jr.*** |
|---|---|
| Joel A. Flaxman | |
| Kenneth N Flaxman | Andrew M. Hale |
| Kenneth N. Flaxman, P.C. | Brian Stefanich |
| 200 South Michigan Avenue | Jennifer Bitoy |
| Suite 201 | Hale Law LLC |
| Chicago, IL 60604-6107 | 53 W. Jackson Blvd., Suite 330 |
| (312) 427-3200 | Chicago, IL 60604 |
| jaf@kenlaw.com | 312-341-9646 |
| knf@kenlaw.com | 312-341-9656 (fax) |
| | ahale@ahalelaw.com |
| | bstefanich@ahalelaw.com |
| | jbitoy@halelaw.com |

s/ Paul A. Michalik

21